UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT ERIC POSEY,   )<br>       )<br>       Petitioner,   )<br>       )<br>       v.   )<br>       )<br>MARK SEVIER, et al.   )<br>       )<br>       Respondents.   ) | No. 1:19-cv-03763-JMS-TAB |

**ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

In his petition for a writ of habeas corpus, petitioner Robert Posey challenges his 2010 Vigo County, Indiana conviction for child molesting. The respondent argues that the petition must be denied because it is time-barred. For the reasons explained in this Order, Mr. Posey's petition for a writ of habeas corpus is **denied** and the action is **dismissed with prejudice**. In addition, the Court finds that a certificate of appealability should not issue.

## I.
## BACKGROUND

### A.  Underlying Charges and State Court Procedural History

Mr. Posey was convicted of molesting K.F., a 13-year-old girl whose family attended the same church as Mr. Posey. Dkt. 6-5, p. 2. Under the pretense of taking K.F. to a teen social organized by the church, Mr. Posey drove K.F. to his home, confined her to his bedroom, and forced her to submit to non-consensual vaginal intercourse. *Id.* at 2-3. K.F. bled from her vagina onto Mr. Posey's bedsheet. *Id.* at 3. Afterwards, Mr. Posey gave K.F. a towel so she could clean herself. *Id.*

Within three days, K.F. reported the sexual assault to her father who reported it to the police. *Id.* Police collected DNA samples from K.F. and Mr. Posey. *Id.* at 3-4. Police also collected a towel, comforter, and bedsheet from Mr. Posey's home. *Id.* An analysis conducted by the Indiana State Police laboratory states that "[p]resumptive testing indicated the possible presence of blood on" Mr. Posey's bedsheet. *Id.* at 5. The analysis also indicated that the stain on Mr. Posey's bedsheet contained K.F.'s DNA. *Id.*

A jury found Mr. Posey guilty of child molesting on December 2, 2010. *Id.* at 4. The trial court sentenced Mr. Posey to 35 years at the Indiana Department of Correction. *Id.* The Indiana Court of Appeals affirmed his conviction. Dkt. 6-5. On April 25, 2012, the Indiana Supreme Court denied Mr. Posey's petition to transfer. Dkt. 6-2, p. 5. The deadline to file a petition for a writ of certiorari expired on July 24, 2012. The deadline to file a petition for a writ of habeas corpus expired on July 24, 2013.

On December 17, 2014, Mr. Posey filed a petition for post-conviction relief, which was denied. Dkt. 6-8, pp. 1, 11. The Indiana Court of Appeals affirmed. Dkt. 6-13. The Indiana Supreme Court denied Mr. Posey's petition to transfer on October 25, 2018. Dkt. 6-9, p. 10.

**B.  Petition for a Writ of Habeas Corpus**

On September 4, 2019, Mr. Posey filed a petition for a writ of habeas corpus. The petition raises seven grounds for relief, which the Court restates as:

- Mr. Posey was denied due process when the state failed to timely comply with a pretrial discovery order. Although the trial court ordered the state to provide Mr. Posey with all material evidence by September 21, 2009, the state did not comply with this order until December 9, 2009.

- Mr. Posey received ineffective assistance of trial counsel when his trial counsel failed to object to the state's belated compliance with the court's pretrial discovery order.

- Mr. Posey received ineffective assistance of trial counsel when his trial counsel failed to object to a stipulation regarding the chain of custody of Mr. Posey's bedsheet.

- Mr. Posey was denied due process when the prosecutor and his trial counsel filed a fraudulent chain of custody stipulation. According to Mr. Posey, "The stipulation covered up the collusion between the State, Prosecutor, trial counsel, Terre Haute Police Department, and the State's DNA expert all of which was highly prejudicial to Mr. Posey."

- Mr. Posey received ineffective assistance of counsel when trial counsel failed to object to prosecutorial misconduct. Mr. Posey alleges that the prosecutor committed misconduct by failing to timely comply with the court's pretrial discovery order, submitting a fraudulent chain of custody stipulation, and suborning the perjury of the technician who collected the sample from Mr. Posey's bedsheet.

- Mr. Posey received ineffective assistance of trial counsel when trial counsel failed to investigate the state's compliance with the court's pretrial discovery order, the chain of custody of seized evidence, and a comparison of "the State Police Lab's 'Certificate of Analysis' with the authenticity of the forensic scientist Robert Dilley's 'Scientific Method.'"

- Mr. Posey received ineffective assistance of trial counsel when trial counsel failed to impeach expert witness Robert Dilley, who collected the evidence from Mr. Posey's bedsheet.

## C. Respondent's Motion to Dismiss

The respondent has filed a motion to dismiss for failure to comply with the one-year statute of limitations. The statute of limitations to file a petition for a writ of habeas corpus expired on July 24, 2013—one year after the deadline to file a petition for a writ of certiorari.

In response, Mr. Posey concedes that his petition is time-barred but argues that he may proceed under the actual innocence exception set forth by the United States Supreme Court in *McQuiggin v. Perkins*. Dkt. 7, p. 3. Mr. Posey submitted exhibits with his response. Dkt. 8-1. These exhibits include orders issued by Indiana state courts, motions filed in Indiana state courts, correspondence between Mr. Posey and his attorneys, chain of custody documents for Mr. Posey's bedsheet and comforter and towel, the chain of custody stipulation, analyses from the Indiana State Police laboratory, the results of K.F.'s pelvic exam, and correspondence between Mr. Posey's state public defender and the physician who conducted the pelvic exam. *Id.*

The laboratory analysis indicated that the comforter did not contain K.F.'s DNA. *Id.* at 17. The pelvic exam, which was conducted three days after the sexual assault, indicated that K.F. was still in pain and had begun bleeding (spotting) two days before the exam. *Id.* The exam did not reveal signs of pelvic trauma or infection. *Id.* at 21. According to the physician who conducted the exam, "[t]here was no sign of an injury or an infection or any other abnormal findings. **Of course, this exam took place 3 days after she was raped so it is not surprising that the exam was normal**." *Id.* at 24 (emphasis added). The physician also indicated that "[t]here is no way for me to know if [K.F.'s] vagina had been penetrated 3 days earlier." *Id.* at 25.

In reply, the respondent argues that the actual innocence exception does not apply to Mr. Posey's habeas petition because Mr. Posey "has not identified any new evidence to prove that he is actually innocent." Dkt. 9, p. 2.

## II.
## LEGAL STANDARD

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a) (1996). To "curb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law," Congress revised several statutes governing federal habeas relief as part of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). *Williams v. Taylor*, 529 U.S. 362, 404 (2000). "Under 28 U.S.C. § 2244(d)(1)(A), a state prisoner seeking federal habeas relief has just one year after his conviction becomes final in state court to file his federal petition." *Gladney v. Pollard*, 799 F.3d 889, 894 (7th Cir. 2015). "The one-year clock is stopped, however, during the time the petitioner's 'properly filed' application for state postconviction relief 'is pending.'" *Day v. McDonough*, 547 U.S. 198, 201 (2006) (quoting 28 U.S.C. § 2244(d)(2)).

Actual innocence is an equitable exception that renders the time limit set forth in section 2244(d)(1) inapplicable. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *see also Gladney v. Pollard*, 799 F.3d 889, 895 (7th Cir. 2015). To overcome procedural default for failing to comply with AEDPA's one-year statute of limitations, the petitioner's claim of actual innocence must be both credible and founded on new evidence. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). To be credible, the claim must have the support of "reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence." *Id.* That evidence must also be new in the sense that it was not before the trier of fact. *Id.*; *Gladney*, 799 F.3d at 896, 898. The petitioner's burden is to show that, in light of this new evidence, it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt. *Schlup*, 513 U.S. at 327.

In evaluating the actual innocence claim, the district court is to conduct a comprehensive assessment that takes into account any reliable evidence probative of petitioner's innocence or guilt, even evidence that was previously excluded; the court is not bound by the rules of evidence that would govern at trial. *Id.* at 327–28. It is not the court's role to determine independently what the petitioner likely did or did not do; rather, its task is to assess the likely impact of the new evidence on reasonable jurors. *Id.* Although any delay or lack of diligence by the petitioner in pursuing his claim of actual innocence is not a bar to the claim, it is among the factors that the court may consider in assessing the merits of the claim. *McQuiggin*, 569 U.S. at 398-400.

### III.
### DISCUSSION

Mr. Posey concedes that his petition is time-barred. The issue before the Court is whether his time-barred habeas petition may proceed under the actual innocence exception.

After reviewing the exhibits Mr. Posey submitted with his response to the motion to dismiss, and after reviewing the state court records manually filed at dkt. 11, the Court finds that Mr. Posey has not presented any newly discovered evidence proving he is actually innocent. The chain of custody documents were admitted into evidence at Mr. Posey's jury trial as State's Exhibit 20. The DNA analysis excluding K.F. as a DNA contributor to Mr. Posey's comforter was admitted at Mr. Posey's jury trial as State's Exhibit 21. *See also* dkt. 6-3, pp. 10-11. K.F.'s pelvic exam was admitted at Mr. Posey's jury trial as State's Exhibit 8. The jury considered these exhibits—none of which conclusively undermine K.F.'s testimony—and found Mr. Posey guilty as charged.

Mr. Posey's time-barred petition for a writ of habeas corpus does not fall under the actual innocence exception to the one-year statute of limitations for federal habeas petitions. Accordingly, the respondent's motion to dismiss, dkt. [6], is **granted**.

## IV.
## CERTIFICATE OF APPEALABILITY

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, a state prisoner must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In deciding whether a certificate of appealability should issue, "the only question is whether the applicant has shown that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck*, 137 S. Ct. at 773 (citation and quotation marks omitted).

Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The Court finds that jurists of reason would not disagree with the Court's conclusion that Mr. Posey's time-barred petition fails to establish a credible claim of actual innocence, and a certificate of appealability is **denied**.

Final Judgment in accordance with this Order shall now issue.

**IT IS SO ORDERED**.

Date: 8/13/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

ROBERT ERIC POSEY
212427
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Jesse R. Drum
INDIANA ATTORNEY GENERAL
jesse.drum@atg.in.gov